USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/8/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
GOUR G. BHADURI,

                Plaintiff,

- against -

SUMMIT SECURITY SERVICES, INC.,

                Defendant.
----------------------------------------------------------------x

05 Civ. 7024 (HB)

OPINION
& ORDER

**Hon. HAROLD BAER, JR., District Judge:[1]**

On August 8, 2005, *pro se* plaintiff, Gour G. Bhaduri ("Bhaduri" or "Plaintiff"), filed a complaint against his employer, Summit Security Services, Inc. ("Summit" or "Defendant"), that alleged race and national origin discrimination, retaliation, and hostile work environment claims pursuant to Title VII of the Civil Rights Act of 1964, as well as age discrimination pursuant to the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634. Defendant moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, this motion to dismiss is granted in part and denied in part.

## I.    FACTUAL BACKGROUND

In a Rule 12(b)(6) motion, the allegations in the plaintiff's complaint are taken as true. See Bolt Elec., Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995). Based on a liberal reading of the plaintiff's submissions to this Court, he recounts the following.

Plaintiff is an Indian male. On April 22, 1992, Bhaduri, 65 years old at the time, was hired as a full-time security guard by Summit and assigned to the 254 Canal Street work site. Charge of Discrimination, Ex. 15 to Compl. At that post, Bhaduri worked with three individuals of Indian origin and three African-Americans. Bhaduri Affidavit in Opposition to Motion to Dismiss ("Bhaduri Aff. in Opp.") ¶ 4 (Mar. 17, 2006). Shortly thereafter, however, his work assignment was changed from a full-time schedule to a part-time schedule without benefits. Id. Bhaduri requested a full-time schedule but his requests were repeatedly denied by the Personnel Officer. Id. Bhaduri alleges that full-time work schedules were also denied to other employees of Indian

---

[1] Jenny Weng, a Spring 2006 intern in my Chambers and a third-year law student at Brooklyn Law School, provided substantial assistance in the research for this Opinion.

origin while his African-American colleagues maintained their full-time status. Id. Two of the three Indian employees were eventually fired from Summit. Id.

When the Plaintiff complained about the termination of the two Indian employees, he alleges that in retaliation, Summit transferred him to another job site in January 1993. Id. The assignment required Bhaduri to travel to work via bus and subway but he was not reimbursed for his transportation costs. Id. In contrast, Bhaduri claims that an African-American guard assigned to the 110 Lafayette Street work site was regularly compensated for the transportation costs he incurred for over-time duty. Id.

On February 23, 1993, Bhaduri filed an age discrimination complaint with the New York State Division of Human Rights. Charge of Discrimination, Ex. 15 to Compl. Plaintiff claims that in response, Summit reduced his work hours, transferred him from his current work site, verbally threatened him, and withheld two paychecks. Letter from Gour Bhaduri to the Regional Director of the New York State Division of Human Rights, Ex. 14 to Compl. On or about October 3, 1994, as a result of Bhaduri's complaint to the New York State Division of Human Rights, Summit entered into an agreement with the Plaintiff whereby they agreed, among other things, to reinstate Bhaduri as a full-time employee at the pay rate of $6.00 per hour. Pre-Determination Conciliation Agreement ("Agreement") ¶ 5 (Sept. 29, 1994), Ex. 10 to Compl. The Agreement further provided that in the event that there was no work site available that paid $6.00 per hour, Bhaduri would be paid at the rate set for the work site to which he was assigned. Id. Lastly, although he was not employed at Summit during a two week period in April 1994,[2] the Agreement provided that Bhaduri's seniority was deemed to run continuously from the start of his employment on April 22, 1992. Id. Thereafter and to this day, Bhaduri is employed as a security guard for Summit.

Bhaduri alleges that since he filed his age discrimination complaint in 1993, he has been continuously harassed by his employer. Further, Bhaduri alleges that other non-Indian employees with less seniority are paid more than he is. Equal Employment Opportunity Commission Charge of Discrimination, Ex. 16 to Compl. As a result of these activities, on February 28, 2005, Bhaduri filed a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC"). Bhaduri received a right-to-sue letter on May 18, 2005 and his complaint was filed with this Court on August 8, 2005.

---

[2] It is unclear whether Bhaduri was terminated or left Summit of his own volition.

## II. PROCEDURAL HISTORY

Defendant, Summit Security, moved to dismiss all charges on November 28, 2005. Upon the request of the Defendant, I set a briefing schedule whereby the motion was fully briefed on January 20, 2006. Plaintiff submitted a timely affirmation in opposition to the Defendant's motion to dismiss but failed to notarize his affirmation and respond to the Defendant's argument that his complaint did not state a claim for discrimination or retaliation. Since it appeared that the Plaintiff was unaware of what was needed to oppose a motion to dismiss, via letter dated February 22, 2006, I spelled out what he must do and extended his time for 30 days to submit and serve opposition papers that addressed these concerns. Cf. McPherson v. Coombe, 174 F.3d 276, 278 (2d Cir. 1999) (holding that summary judgment, also a dispositive motion, was inappropriate because it did not appear that *pro se* plaintiff was either aware or informed of what was needed to oppose a summary judgment motion). I informed him that his failure to do this may result in dismissal of his claim. On March 17, 2006, the Plaintiff filed a second affirmation in opposition to Defendant's motion to dismiss that contained additional factual allegations consistent with his complaint. Upon Defendant's request for additional time to respond to this submission, defense counsel was given until May 20, 2006.

## III. STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must construe all factual allegations in the complaint in favor of the non-moving party. See Krimstock v. Kelly, 306 F.3d 40, 47 - 48 (2d Cir. 2002). The Court's consideration is normally limited to facts alleged in the complaint, documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken. See Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991). In the case of individuals proceeding *pro se*, courts have considered additional materials submitted by these litigants in opposition to a motion to dismiss. See, e.g., Gil v. Mooney, 824 F.2d 192, 195 (2d Cir. 1987) (considering plaintiff's affidavit in response to a motion to dismiss); Fox v. City of New York, 2004 WL 856299, at *1 (S.D.N.Y. Apr. 20, 2004) ("Because Fox is a *pro se* litigant, the Court may rely on both his amended complaint and his motion papers in assessing the legal sufficiency of his claims.").

A motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Shakur v.

3

Selsky, 391 F.3d 106, 112 (2d Cir. 2004) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Since the plaintiff is the non-movant and proceeding *pro se*, I must construe his papers liberally and "interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) (internal citation omitted).

## IV. DISCUSSION

Pursuant to the Federal Rules of Civil Procedure Rule 8(a), a complaint need only set forth "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." FED. R. CIV. P. 8(a). This is a permissive pleading standard and the plaintiff is only required to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 US 41, 47 (1957)). At this point in the proceedings, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 177 (2d Cir. 2004).

Plaintiff brings race and national origin discrimination, retaliation, as well as hostile work environment claims against the Defendant pursuant to Title VII of the Civil Rights Act of 1964. He brings an age discrimination claim pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et. seq.* Based on the Plaintiff's EEOC submissions, federal complaint, and affirmations submitted in opposition to the motion to dismiss, the substance of the Plaintiff's claim appears to be that he was discriminated against in his receipt of job benefits based on his race, national origin, and age, harassed after he complained about the treatment of fellow Indian employees, and retaliated against after he filed a complaint with the EEOC.

As a preliminary matter, Summit argues, *inter alia*, that the Plaintiff failed to bring a viable cause of action for employment discrimination based on race and national origin within the applicable statute of limitations. At this stage, to survive a motion to dismiss, the plaintiff only needs to allege that his claims occurred within the relevant statutory time period. Under New York law, the statute of limitations for these claims is three years. N.Y. C.P.L.R. § 214(2) (providing for a three year statute of limitations for "an action to recover upon a liability, penalty or forfeiture created or imposed by statute.").

*A. Title VII Claims*

In order for a plaintiff to make an employment discrimination claim in federal court, the plaintiff must file a discrimination charge with the EEOC. In order for the claim to be timely under Title VII, the discrimination charge must be filed within 180 days of the alleged illegal employment action, here, August 14, 2004, or, in the case where the claimant has already filed a charge with a state or local agency, the charge must be filed with the EEOC within 300 days of the alleged discriminatory act, in this instance, April 14, 2004. See 42 U.S.C. § 2000e-5(e)(1). These timeframes serve as a statute of limitations for Title VII cases. See, e.g., Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir. 1996).

However, should the plaintiff fail to do this as to some of his claims, there is a continuing violation exception to the statute of limitations for Title VII claims. Under this exception, if a charge of discrimination is filed "that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims or acts of discrimination under that policy will be timely even if they would be untimely standing alone." Lambert v. Genesee Hosp., 10 F.3d 46, 53 (2d Cir. 1993). In other words, in cases where the plaintiff is subject to a discriminatory policy, the statute of limitations is – in a manner of speaking – tolled, and only begins to run from the last act of discrimination in furtherance of said policy. If the claimant fails to comply with these deadlines, the plaintiff's lawsuit will be time-barred.

In February 1993, the Plaintiff filed a complaint with the New York State Division of Human Rights. This complaint falls outside the New York three year statute of limitations. But in his most recent filing, the Plaintiff did not file a discrimination charge with the state agency. Instead, he filed a discrimination complaint directly with the EEOC on February 10, 2005. Thus, his Title VII cause of action would include events that occurred in the prior 180 day period. If the continuing violation exception does not apply, any events occurring earlier than August 14, 2004 would be untimely under Title VII.

*1. Race and National Origin Discrimination*

Pursuant to Title VII, an employer may not "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Since this is a motion to dismiss, the plaintiff need not plead a prima facie case of discrimination pursuant to the standards set in McDonnell

Douglas Corp. v. Green. Swierkiewicz, 534 U.S. at 511 (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). Instead, as articulated by the Supreme Court, Plaintiff's employment discrimination complaint need only satisfy the FRCP 8(a) standard of pleading, which includes "a short and plain statement of the claim showing that the pleader is entitled to relief."

Plaintiff alleges that non-Indian, less senior employees received full-time work opportunities and comparatively higher wages than Indian employees at Summit, himself included. Although Bhaduri has been employed with Summit for over thirteen years, he currently makes $6.90 per hour (or put another way, about 7 dollars per hour/year), a pay increase of merely $.90 over the duration of his employment. This is so notwithstanding the fact that his contract specifically states that employees are entitled to a $.25 per hour raise each contract year.

> Employees shall receive a twenty-five cents (.25) per hour increase during each contract year on their yearly anniversary of their employment. Employer may give increase prior to anniversary date in which case the anniversary raise will be waived.

Summit Security Contract Highlights, Ex. 8 to Compl.

Further, Bhaduri points out that Hispanic and African-American employees with less seniority are paid more money than him. The Supreme Court has held that pay disparities between a black employee and a similarly situated white employee can serve as the basis for a lawsuit under Title VII. Bazemore v. Friday, 478 U.S. 385, 395-96 (1986). Thus, giving credit to Plaintiff's assertions as I must on a motion to dismiss, Bhaduri's allegations of a pay disparity based on race and national origin is enough to state a claim pursuant to Title VII.

At this stage, I do not find that the statute of limitations bars Plaintiff's claims. The Plaintiff alleges in his EEOC complaint that the pay discrepancy exists to this day. Although the Plaintiff's federal complaint does not specify the date(s) of the alleged discriminatory conduct, his failure to do so does not doom his claim. See, e.g, Broderick v. City of New York, 942 F.Supp. 196, 199 (2d Cir. 1996) (finding that "the practice of discriminating against an employee by paying that employee unequal wages" constitutes a continuing violation "each time the employee is paid an unequal amount."). Not only was it unnecessary for Bhaduri to plead with such specificity at this stage, but the fact that the Plaintiff is still employed at Summit at the rate of $6.90 per hour supports the inference that this is a timely claim. See Harris v. City of New York, 186 F.3d 243, 251 (2d Cir. 1999) ("Nor does the Amended Complaint identify any time element as to this claim . . . But he need not include such allegations at this early stage of the proceedings, for the statute of

limitations is an affirmative defense under Rule 8(c) that Harris' pleading need not have anticipated.").

*2. Hostile Work Environment*

To state a claim for hostile work environment, the plaintiff must allege that his work environment is abusive. Harris v. Forklift, 510 U.S. 17, 22 (1973). Specifically, the Plaintiff must show that he is 1) a member of a protected class, 2) suffered unwelcome harassment, 3) is harassed because of his membership in a protected class, and 4) the harassment is sufficiently severe or pervasive to alter conditions of his employment and create an abusive work environment. Meritor Sav. Bank FSB v. Vinson, 477 U.S. 57, 65 (1986). The court looks at the totality of the circumstances to determine harassment – the frequency and severity of the conduct, whether the conduct was physically threatening or humiliating, and whether the behavior interferes with an employee's performance. Harris, 510 U.S. at 23.

Plaintiff alleges that he has been harassed, both verbally and physically, by his colleagues throughout his employment at Summit. According to his submissions, it appears that the most recent incident occurred on July 21, 2003. Bhaduri Aff. in Opp. ¶ 4 (Mar. 17, 2006). None of the events mentioned in his complaint occurred after August 14, 2004 – the statutorily required 180 day time period within which claims must be brought pursuant to Title VII.[3] Although hostile work environment claims may be treated as a continuing violation and thus, toll the statute of limitations, at least one act of harassment must occur within the statutory period. Patterson v. County of Oneida, 375 F.3d 206, 220 (2d Cir. 2004) ("A claim of hostile work environment is timely so long as one act contributing to the claim occurred within the statutory period; if it did, 'the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.'"). As currently pled, this is not the case here. The Plaintiff will be permitted to bring this claim only upon his filing an Amended Complaint that properly alleges harassing conduct after August 14, 2004, if there was any.

*3. Retaliation Claim*

The gravamen of Plaintiff's retaliation cause of action is that Summit withheld job benefits from him after he filed his 1993 age discrimination complaint with the New York State Division of

---

[3] Plaintiff also alleges that one of his supervisors of Hispanic descent denied him overtime work shifts that were scheduled by another supervisor. However, Plaintiff only includes the month and day of these incidents but fails to include the year. Thus, this Court cannot ascertain whether these alleged incidents are deemed to have occurred within the prescribed 180 day statutory timeframe.

7

Human Rights. To establish a prima facie case of retaliation in violation of Title VII, an employee must demonstrate: 1) that he/she was engaged in a protected activity known to their employer, 2) suffered an adverse employment action, and 3) there exists a causal connection between the protected activity and the adverse employment action. Gordon v. New York City Bd. of Educ., 232 F.3d 111, 116 (2d Cir. 2000).

The first two elements are not in dispute. Bhaduri filed a discrimination complaint with the New York State Division of Human Rights in February 1993. A discrimination complaint filed with a state agency qualifies as protected activity under Title VII. See, e.g., Raniola v. Bratton, 243 F.3d 610, 624 (2d Cir. 2001). Summit was aware of the discrimination complaint and as a result, Summit and Bhaduri entered into a Conciliation Agreement. Thus, the only element in dispute is whether a causal connection exists between the adverse employment actions he alleges he suffered and the EEOC complaint filing.

Plaintiffs can demonstrate a causal connection in three ways: "(1) direct proof of retaliatory animus directed against the Plaintiff, (2) disparate treatment of similarly situated employees, or (3) that the retaliatory action occurred close in time to the protected activities." McNair v. New York City Health and Hosps. Corp., 160 F.Supp.2d 610, 604 (S.D.N.Y. 2001). Whether or not this test is met, the fact is that the Plaintiff provides no direct evidence of retaliatory animus, and according to Plaintiff's submissions, in the few instances he does provide dates for the alleged retaliatory activities, they all occurred in the mid-1990s through 2001. See, e.g., Bhaduri Aff. in Opp. ¶ 4 (Mar. 17, 2006). Perhaps more importantly, courts have found that retaliatory actions that occur more than several months after the protected activity are at the outer limit of activities that can be used to demonstrate causation. See Ashok v. Barnhart, 289 F.Supp.2d 305, 314 (E.D.N.Y. 2003) ("[T]he interval between a protected activity and an adverse action that results in a finding of retaliation is generally no more than several months."). The examples provided in Bhaduri's complaint fall well outside these parameters. Thus, Bhaduri must demonstrate that he was treated differently from similarly situated employees to demonstrate a causal connection between the protected activity and the retaliatory activities. To satisfy this burden, Plaintiff alleges that non-Indian employees over the age of 65 received job benefits that he did not receive.

> Further, I worked with Mr. Henry at 1480 Broadway off 44th Street . . .
> He worked six days a week with a ten shift [sic] and sixty hours shift. .
> . He was a white man of seventy years of age. I also worked with Mr.
> Rivera[,] a Hispanic of seventy years of age at 542 West 112th Street

> [,] Columbia University... He had [a] full time [] work assignment despite his age.

See Bhaduri Aff. in Opp. ¶ 4 (Mar. 17, 2006).

Assuming, *arguendo*, that Plaintiff alleges enough to set forth a prima facie case of retaliation, he only does so with regard to the 1993 EEOC complaint. He does not allege any retaliatory activity that resulted from the filing of the 1995 EEOC complaint. But any claims associated with the 1993 EEOC complaint are barred by New York's three year statute of limitations, to say nothing of *res judicata* prinicples. The clock begins to run when the employee "knew or had reason to know" of the allegedly discriminatory action. Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999). Given the nature of the harassment Plaintiff describes, with the exception of the pay disparity, he had reason to know of the allegedly illegal actions at the time those actions occurred. And even in the case of the pay disparity, Bhaduri admits that he was aware of a pay differential between himself and less senior employees as early as 1995. Thus, Bhaduri was on notice of the allegedly retaliatory behavior and did not file a discrimination charge with the EEOC until years after the alleged retaliatory activities began, and for all I know concluded. That's certainly the gist of the mediation accord. He provides no reason for his failure to do so.[4]

For these reasons, I find that Plaintiff's retaliation claim is time-barred.[5]

## B. ADEA Claim

The ADEA prohibits an employer from discriminating against an employee "with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Employees forty years of age or older are covered under this provision. 29 U.S.C. § 631(a). Thus, the Plaintiff, age 65 at the time he was hired by Summit, is covered by the ADEA.

As stated above in my discussion of the Title VII race and national origin employment discrimination claim, the plaintiff need not plead a prima facie case of age discrimination since this

---

[4] Time limits may be subject to waiver, estoppel, or equitable tolling. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).

[5] Further, it is unlikely that the activities complained of by the plaintiff, particularly the inadequate wages, would qualify for the Title VII continuing violation exception. Instead, they would be considered discrete acts. See Sundaram v. Brookhaven Nat. Lab., 424 F.Supp.2d 545, 561 (E.D.N.Y. 2006) (internal citations omitted) (stating that the continuing violation exception "does not apply to discrete, completed employment actions such as transfers, failures to promote, demotions, or inadequate wages.").

9

requirements set forth in the Federal Rules of Civil Procedure Rule 8(a). Bhaduri states in his 1993 EEOC complaint that he was denied the full-time work opportunities afforded younger, non-Indian employees. I find that this allegation "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47.

However, since this cause of action is governed by New York's three year statute of limitations, as currently pled, the claim appears time-barred. In the complaint filed with this court, Bhaduri states that he is being persecuted, among other things, because of his age. But the only allegation made in the complaint provides, in its entirety, that: "Summit Security is harassing me in various unlawful means to persecute me in order to dislodge me from my lawful job that involves my i) age, ii) race, iii) country of origin." Compl. at 4. He makes no further age-related allegations anywhere in his complaint, to say nothing of the more recent EEOC filing, that suggest that he suffered age discrimination within the three years that preceded his complaint. If true, the Plaintiff must so allege (preferably with dates), without which this claim must be dismissed. It may be permitted upon a showing by the Plaintiff that he suffered age-related discrimination after August 2002. If the Plaintiff fails to file an Amended Complaint that makes such allegations, this cause of action will be dismissed as time-barred.

## V. CONCLUSION

For the reasons stated above, this motion to dismiss is granted in part and denied in part. The motion to dismiss is denied with regard to the race and national origin claim, the motion to dismiss the retaliation claim is granted with prejudice, and with respect to the ADEA and hostile work environment claims, the Plaintiff has leave to amend the complaint within 10 days of the date of this Order to provide specific instances of harassment and age discrimination that occurred within the statute of limitations, i.e. after August 14, 2004 or August 2002, respectively. Failure to do this will result in dismissal of these claims. The parties have elected a bench trial that will commence before me on September 28, 2006. The Clerk of the Court is instructed to close this motion and remove it from my docket.

**IT IS SO ORDERED.**

**New York, New York**
**August ___, 2006**

_____
U.S.D.J.