UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GOUR G. BHADURI,

                Plaintiff,

-against-

SUMMIT SECURITY SERVICES, INC.,

                Defendant.

------------------------------------------------------------------X

Index No. 05 CV7024 (HB)

## DEFENDANT'S RULE 56.1 STATEMENT

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern District of New York, defendant Summit Security Services, Inc., (hereinafter "Defendant") by and through its attorneys, hereby submits Defendant's Rule 56.1 Statement, and states as follows:

1. On or about February 10, 2005, plaintiff Gour G. Bhaduri (hereinafter "Plaintiff"), filed a complaint under the penalties of perjury with the United States Equal Employment Opportunity Commission ("EEOC") (A copy is annexed to Neil Fenton's ("Fenton") Declaration at Exhibit A.)

2. On or about August 5, 2005, Plaintiff filed a Complaint in the above matter. (A copy is annexed to Fenton's Declaration at Exhibit C.)

3. On or about November 28, 2006, Defendant moved to dismiss Plaintiff's Complaint.

4. On August 6, 2006, the court granted Defendant's motion to dismiss Plaintiff's retaliation claim with prejudice and with respect to the ADEA and hostile work environment claims, the Plaintiff was granted leave to amend the complaint to provide

specific instances of harassment and age discrimination that occurred within the Statute of Limitations, i.e., (August 14, 2004 age discrimination and August 2002 hostile work environment) (A copy of the Order is annexed to Fenton's Declaration at Exhibit B.)

5. On or about October 3, 2006 Plaintiff filed an Amended Complaint to the Court which was received on or about October 4, 2006 by this office. (A copy is annexed to Fenton's Declaration at Exhibit D.)

6. Plaintiff is being paid seven dollars twenty five cents ($7.25) per hour.

7. Plaintiff works at 110 Lafayette Street, New York, New York (hereinafter "Plaintiff's Location"). (Aff. of Rossello at ¶9.)

8. Defendant's billing rates are determined in part, by the specific billing rate at Plaintiff's Location. (Aff. of Rossello at ¶8.)

9. Plaintiff's hourly rate of seven dollars twenty five cents ($7.25) per hour is among the highest pay rate at Plaintiff's Location, with the exception of the fire safety director. (Aff. of Rossello at ¶9.)

10. No other employee of Defendant at Plaintiff's Location makes more than seven dollars twenty five cents ($7.25) per hour, with the exception of the fire safety director. (Aff. of Rossello at ¶9.)

11. Plaintiff signed a document on October 06, 1994 providing:

> I, Gour G. Bhaduri, fully understand that my present hourly rate of pay is determined by the location to which I have been assigned. (Aff. of Rossello at Exhibit B.)

12. Plaintiff also signed a document on April 22, 1992 stating in relevant part:

> I, Gour Gopal Bhaduri, fully understand that my present hourly rate of pay is determined by the location to which I have been assigned. (Aff. of Rossello at Exhibit B.)

13. The security guards at Summit Security, including the Plaintiff, are represented by the Union. (Aff. of Rossello at Exhibits C and D.)

14. The Union is the bargaining agent for all Union members. (Aff. of Rossello at 11.)

15. Plaintiff is a member of that Union. (Aff. of Rossello at ¶11.)

16. Under the terms of the Union's International Collective Bargaining Agreement with Summit Security, a minimum of six dollars ($6.00) per hour is set as the hourly rate for security guards. (Aff. of Rossello at Exhibit C.)

Dated: October 18, 2006
      New York, New York

                Respectfully Submitted,

                SILVERMAN SCLAR SHIN & BYRNE PLLC

By: _____
Neil P. Fenton (NF 0471)
*Attorneys for Defendant*
*Summit Security Services, Inc.*
381 Park Avenue South, Suite 1601
New York, New York 10016
Telephone (212) 779-8600
Facsimile (212) 779-8858