UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GOUR G. BHADURI

                                          **Plaintiff,**

  -against-

SUMMIT SECURITY SERVICES, INC.,

                                          **Defendants.**

Index No.
05 CV 7024

**NOTICE TO
PRO SE LITIGANT
OPPOSING
MOTION FOR
SUMMARY
JUDGMENT**

------------------------------------------------------------------X

      The defendant in this case has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This means that the defendant has asked the court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. **THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION** by filing your own sworn affidavits or other papers as required by Rule 56(e). An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial. The full text of Rule 56 is attached.

      In short, Rule 56 provides that you may NOT oppose summary judgment simply by relying upon the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial. Any witness statements, which may include your own statements, must be in the form of affidavits. You may submit affidavits that were prepared specifically in response to defendant's motion for summary judgment.

212000-1

Any issue of fact that you wish to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by the defendant. If you do not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by the defendant, the court may accept defendant's factual assertions as true. Judgment may then be entered in defendant's favor without a trial.

If you have any questions, you may direct them to the Pro Se office.

Neil P. Fenton (NPF-0471)
SILVERMAN SCLAR SHIN & BYRNE PLLC
Attorney for Summit Security Services Inc.
381 Park Avenue South, Suite 1601
New York, New York 10016
(212) 779-8600

TO:  Gour G. Bhaduri
     1015 63rd Street, Apt. 3-R
     Brooklyn, New York 11219

212000-1



LII / Legal Information Institute

# Federal Rules of Civil Procedure

**VII. JUDGMENT > Rule 56.**

Prev | Next

### Rule 56. Summary Judgment

(a) For Claimant.

A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

(b) For Defending Party.

A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

(c) Motion and Proceedings Thereon.

The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

(d) Case Not Fully Adjudicated on Motion.

If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the

Notes

Law About ...
Civil Procedure

facts so specified shall be deemed established, and the trial shall be conducted accordingly.

(e) Form of Affidavits; Further Testimony; Defense Required.

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

(f) When Affidavits are Unavailable.

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

(g) Affidavits Made in Bad Faith.

Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

Prev | Next